LAND, J.
The accused was indicted for the statutory crime of feloniously killing a cow with intent to steal, and was tried, convicted, and sentenced to imprisonment at hard labor for two years.’ The accused has appealed and relies for reversal on a bill of exceptions taken to the refusal of the judge to grant a continuance.
On July 3, 1911, the accused was arraigned and pleaded not guilty. The case was set for trial for July 7, 1911. On the day thus fixed, the accused filed a motion and affidavit for a continuance on the ground of the absence of two material witnesses, alleged to have been duly summoned. The motion recites that the summons was ordered on July 5, 1911; that one of the witnesses, George Washington, resided in the parish of Bossier, and the other, Jack Edwards, resided in the parish of Webster. Counsel for the accused admits that the ruling of the judge was correct as to the witness residing in the parish of Webster.
It does not appear from the motion or the hill of exceptions that a summons was addressed to Washington, as a resident of the parish of Bossier. The contrary may be inferred from the letter attached to bill of exceptions, reading as follows:
“Minden, La. 7-6-1911.
“Mr. J. F. Edwards:
“I made domicile service on Mr. George Washington, but his wife has just been confined, and it will be impossible for him to leave her, as he had no one to leave with her. I am sorry.
“Respectfully your friend,
“A. H. Phillips,
“Dy. Sheriff.”
When the case was# called the summons had not been returned into court.
On the state admitting that the said two witnesses, if present in court, would swear to the facts set forth in said motion, the judge overruled the motion, for the following reasons:
“That the witness had not been ordered summoned by defendant until two days before trial, and no order had been obtained by him for the witnesses out of the parish, that he had not used due diligence.”
It appears from the motion and bill that the summons was served at the domicile of Washington on the day before that fixed for the trial, and the presumption is that the officer, who made the service, used due diligence in making his return. Why the summons was not returned into court in time for the trial does not appear.
The trial judge held that the accused had not exercised due diligence in the summoning of the witness, and the record does not show the contrary. The right of the accused to compulsory process is predicated on the exercise of due diligence by him to secure the attendance of his witnesses.
It is therefore ordered that the verdict and sentence below be affirmed.